IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK L. BUBENHEIMER | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 21-4401 |
| | : |
| KEITH KENLEIN | : |

## MEMORANDUM

**SURRICK, J.**                                                                                       **JULY 25, 2023**

       This is a breach of contract case between Plaintiff, Mark Bubenheimer, and Defendant, Keith Kenlein.  Plaintiff and Defendant entered into an agreement on June 26, 2020, which provided that Plaintiff would invest $107,000 into Defendant's business, Full Size Run (the "Business") in exchange for 35% ownership.  Plaintiff did in fact invest the $107,000 in Defendant's business and now claims that he did not receive 35% of the business' profit, in violation of their agreement.  Both parties are proceeding *pro se*, despite both having counsel at the inception of this matter, and while Plaintiff has diligently prosecuted this action, Defendant has failed to participate in the litigation or respond to any correspondence from Plaintiff or the Court since April of 2022.  After the Court put the parties on notice that if either party failed to appear at an in-person status conference in March of 2023 they would be held in default, Defendant failed to appear at that conference.  Accordingly, the Court entered default against him and held an evidentiary hearing regarding Plaintiff's requested damages.  Following that hearing, we now address the entry of default judgment against Defendant and what, if any, damages Plaintiff is entitled to, based upon the evidence submitted at the hearing.  We find that default judgment against Defendant is appropriate in this matter.  We also find that Plaintiff has

failed to prove any actual or compensatory damages to a reasonable degree of certainty. Accordingly, Plaintiff is awarded $1.00 in nominal damages.

## I.  BACKGROUND

Plaintiff filed this action on October 6, 2021 asserting various causes of action, including breach of contract based on profit share and investment, unjust enrichment based on investment, and conversion in the alternative.  In the Complaint, Plaintiff alleges that on June 26, 2020, he and Defendant entered into an agreement where Plaintiff would invest $107,000 in Defendant's Business in exchange for 35% ownership of it.  In addition, Plaintiff alleges that Defendant represented that Plaintiff would receive a share of the profits of the Business equal to his interest in the company (i.e., 35%).  On that same day, Plaintiff did in fact invest the $107,000 in Defendant's business.  Defendant maintained sole possession and control over the Business' finances and the day-to-day operations.

Plaintiff asserts that since July 2020, he has only received a total profit distribution of less than $10,000.00, which is well below his expectations and, according to the Complaint, inconsistent with the actual revenues of the Business.  Accordingly, Plaintiff brought the instant action to recover the money he alleges he is owed based on his 35% ownership of the Business.

When this action commenced, both Plaintiff and Defendant were represented by counsel, and Defendant filed an Answer through counsel on December 15, 2021.  However, the attorneys for both parties have since withdrawn their appearances and both parties have elected to proceed *pro se*.  While Plaintiff has remained an active participant in this litigation, Defendant has failed to participate since his attorney withdrew from this action on April 28, 2022.  Neither Plaintiff nor the Court have been able to contact Defendant since then.  As a result, the Court entered an Order on March 6, 2023, directing both parties to attend an in-person status conference on March

30, 2023.  The Order also put the parties on notice that if either party failed to appear for the conference that judgment would be entered in favor of the opposing party.

The Court held the in-person status conference on March 30, 2023.  Defendant failed to appear at this conference, despite the Court having notified him of the conference via three different manners of correspondence.  Accordingly, we entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on March 30, 2023, and scheduled an evidentiary hearing to ascertain Plaintiff's damages.  On June 13, 2023, the Court held that hearing, where Plaintiff submitted evidence regarding his claimed damages and the Court took the issue of damages under advisement.  We now address that issue.

## II.     DISCUSSION

### A.     Default Judgment

It is well established that under Rule 55(b)(2), a district court has authority to enter default judgment when a party fails to plead or otherwise defend an action.  The court's exercise of this authority is discretionary, although the Third Circuit has set forth factors to guide the discretion of a district court considering whether to enter default judgment when a defendant has appeared in a case but has failed to otherwise defend, as is the case here.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).  Those factors are as follows: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  Furthermore, in deciding whether to grant default judgment, the factual allegations in the

complaint are treated as conceded by the defendant. *DirecTV Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

In applying the *Poulis* factors to the facts of this case and taking the factual allegations in the Complaint as true, we find that the factors weigh in favor of the Court granting default judgment against Defendant and in favor of Plaintiff. First, we find that Defendant bears complete personal responsibility for his failure to participate in this litigation. Defendant agreed voluntarily to have his counsel withdraw from this matter due to irreconcilable differences, chose not to find a new attorney, has since failed to participate in litigation, and has not provided the Court or Plaintiff with current contact information. Defendant has continually disregarded this Court's orders to attend hearings and status conferences. Second, Defendant's failure to comply with the Court's orders and respond to discovery has caused great prejudice to Plaintiff. As previously stated, Defendant has failed to participate in this matter since April of 2022, including by failing to respond to discovery. (*See* Plaintiff's First Motion for Discovery, ECF No. 28.) Defendant's complete failure to participate in the litigation greatly prejudiced Plaintiff as it has halted the matter entirely. All of this demonstrates a history of dilatoriness by Defendant for nearly a year and a half. For this reason, factor three also weighs in favor of granting default judgment.

As to the fourth factor, while there is no specific evidence of willfulness or bad faith, Defendant's failure to secure alternative counsel or participate in the litigation as a *pro se* party is troubling and demonstrates some level of willful behavior. Fifth, we find that no other sanction would be effective in this matter, as Defendant has not responded to any correspondence from the Court or Plaintiff. Therefore, the most equitable option at this juncture is to grant default

judgment. Finally, as to the sixth factor, we find that the Plaintiff's claims against Defendant possess a sufficient degree of merit, taking the facts and allegations in the Complaint as true.

Therefore, in weighing each of the *Poulis* factors, we find it appropriate to grant default judgment against Defendant and in favor of Plaintiff in this matter.

**B.    Damages**

Having concluded that default judgment against Defendant is appropriate, we must now determine what damages, if any, Plaintiff is entitled to. On June 13, 2023, we held an evidentiary hearing during which Plaintiff presented evidence and submitted exhibits that he asserts support his requested damages. Specifically, Plaintiff requests that we award him $520,141.43[1] in damages. This number, considering his statements and the documents submitted at the evidentiary hearing, is based upon the following: Plaintiff asserts he is entitled to 35% of the "gross profits" of the Business. He submitted a "general ledger" for the business for 2020, which shows a balance of $946,274.37. Plaintiff claims he was entitled to 35% of this balance, which amounts to $331,196.03. In addition, he submitted a reconciliation detail and the Business' checking account on the day of its closing (March 31, 2021), which shows a closing balance of $195,602.75. Plaintiff claims he was entitled to 35% of that closing balance, which amounts to $68,460.95. Plaintiff also asserts that he is entitled to reimbursement of his original investment of $107,000 and his legal fees of $13,484.44.

A plaintiff who prevails by default is not automatically entitled to his requested damages and "may still be required to prove that he . . . is entitled to the damages sought." *Comdyne I*,

---

[1] Plaintiff actually requests $514,680.47, but based upon Plaintiff's statements at the hearing, the documents that he submitted, and our calculations, we believe this discrepancy resulted from a simple calculation error. We presume Plaintiff is requesting the sum of $107,000 + $13,484.44 + $68,460.95 + $331,196.03 (discussed more above), which equals $520,141.43 (not $514,680.47).

5

908 F.2d at 1149.  The court, in its discretion, may conduct a hearing in connection with the application for default judgment to determine the amount of damages or to establish the truth of any averment by evidence.  Fed. R. Civ. P. 55(b)(2); *Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994).  Proof "in support of damage claims need not conform to a standard of mathematical exactness, but must be reasonably sufficient [that] there is a fair basis for calculation." *World Entm't, Inc. v. Brown*, No. 09-5365, 2011 U.S. Dist. LEXIS 55182, at *6 (E.D. Pa. May 20, 2011).  *See also Schwartz v. Taylor*, No. 17-3799, 2022 U.S. Dist. LEXIS 49291, at *21 (E.D. Pa. Mar. 21, 2022) ("courts must inquire whether the party seeking the damages has established the amount of damages with reasonable certainty.").

      Here, Plaintiff has not established the amount of his requested damages—$520,141.43—with reasonable certainty.  At the evidentiary hearing, Plaintiff presented several exhibits which, he claimed, showed his entitlement to 35% of the Business' gross profit.  Specifically, Plaintiff submitted the business agreement between himself and Defendant, in which the parties agreed that Plaintiff would pay Defendant $107,000 in exchange for 35% of the Business.  Plaintiff also submitted a general ledger for the Business ending on December 31, 2020, the closing bank statement for the Business from March of 2021, and the ending balance sheet for the Business dated April 30, 2021.  Plaintiff asserted that the 2020 general ledger showed the Business had a gross profit of $946,274.37, and the bank statement and reconciliation detail showed that when the Business closed it had $195,602.75 in its bank account.  Plaintiff asserts he was entitled to 35% of each of those amounts based upon the Agreement.  However, Plaintiff provided no further explanation or evidence to substantiate his belief that he is entitled to these sums under the Agreement with Defendant.  Plaintiff's submissions fail to establish with reasonable certainty that the sums reflected on the general ledger, closing bank statement, and reconciliation detail

represent the Business' profit or value on the dates of those documents, or that his claimed entitlement to 35% of those sums had accrued at those times as a result of Defendant's breach.

Even more troubling, Plaintiff has also failed to explain why he is entitled to 35% of the Business' *gross* profits.  Upon inspection, the exhibits Plaintiff submitted in support of his damages, along with the allegations in the Complaint, demonstrate that Plaintiff actually *owned* 35% of the Business, which entitled him to "a share of the profits of the company . . . [equal] to [his] interest."  (Compl., ECF No. 1, at 2.)  This does not mean that Plaintiff was entitled to 35% of the *gross* profits of the Business (i.e., profits *before* expenses).  Rather, according to the Complaint and the exhibits Plaintiff submitted in support of damages, Plaintiff was entitled to 35% of the *net* profit of the Business (i.e., profits *after* expenses are deducted).

Viewing Plaintiff's exhibits in that light, we now turn to the April 30, 2021 balance sheet which shows that on that date—the month after the Business closed—it had $215,724.40 in total assets, $496,918.21 in total liabilities, equaling -$281,193.81 in equity.  (Balance Sheet, Ex. E, at 1 (on file with the Court).)  Therefore, according to the evidence submitted by Plaintiff, the Business had no net profit when it closed and, thus, there was no profit to which Plaintiff is entitled.  For this reason, we are compelled to conclude that Plaintiff has not demonstrated his requested damages to a reasonable degree of certainty and that, based upon the documents he submitted in support of his alleged damages, Plaintiff is not entitled to any actual or compensatory damages.

Under Pennsylvania law, however, "if a party is able to prove breach of contract but can show no damages flowing from the breach, the party is entitled to recover nominal damages." *Haywood v. Univ. of Pittsburgh*, 976 F. Supp. 2d 606, 645 (W.D. Pa. 2013) (citing *Thorsen v. Iron and Glass Bank*, 328 Pa. Super. 135, 141 (1984)).  Therefore, as we have entered default

judgment in favor of Plaintiff on his breach of contract claim but find that Plaintiff has failed to demonstrate any damages flowing from the breach, we will award Plaintiff nominal damages in the amount of $1.00.

Moreover, addressing Plaintiff's assertion that he is entitled to damages in the amount of his original investment in the Business ($107,000), Plaintiff has provided no support for his contention that he is entitled to reimbursement of the money he invested in the Business in exchange for 35% ownership.  This was not a loan; it was an investment in the Business, as stated in the Complaint and supported by the Agreement, which Plaintiff submitted as proof of his damages.  (Business Agreement, Ex. A, at 1 (on file with the Court).)  Therefore, Plaintiff has failed to demonstrate why he should be entitled to reimbursement of this investment.

Finally, we address Plaintiff's claim that he is entitled to reimbursement of $13,484.44 for his legal fees.  Pennsylvania follows the "American rule" that attorneys' fees and costs are not recoverable from an adverse party unless a statute expressly authorizes the fees, there was a clear agreement among the parties to permit such recovery, or some other exception applies. *Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 534 (E.D. Pa. 2011).  "Consequently, in breach of contract matters, fees are unavailable absent an agreement between the contracting parties." *Id*.  The Agreement here does not provide for recovery of attorney's fees, nor has Plaintiff presented any argument that any exception to the general rule applies here.  Therefore, Plaintiff has failed to establish that he is entitled to reimbursement of his legal fees as damages.

## III.   CONCLUSION

For the foregoing reasons, we grant default judgment against Defendant and in favor of Plaintiff.  Because we find that Plaintiff has not shown with reasonable certainty that he is entitled to any damages, we award nominal damages in the amount of $1.00.  An appropriate Order follows.

                                                                         BY THE COURT:


                                                                         ___/s/ R. Barclay Surrick_____
                                                                         **R. BARCLAY SURRICK, J.**